MEMORANDUM OPINION



No. 04- 05-00383-CR



Luis Alfredo CRUZ,

Appellant



v.



THE STATE OF TEXAS,

Appellee



From the 144th Judicial District Court, Bexar County, Texas 

Trial Court No. 2003-CR-0995

Honorable Olin Strauss , Judge Presiding



Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice

 

Delivered and Filed: September 13, 2006 



AFFIRMED



 A jury found defendant, Luis Cruz, guilty of sexual assault. The jury assessed punishment at ten years' confinement and a
$10,000 fine, but recommended that defendant be placed on community supervision. The trial court suspended the
imposition of the sentence and placed defendant on community supervision for ten years. We affirm. 

 In his sole issue on appeal, defendant argues the trial court erred in failing to give a limiting instruction regarding evidence
of extraneous offenses. However, defendant made no objection to the trial court's charge regarding the issue of extraneous
offenses and did not request a limiting instruction. As a result, to be reversible, any error must have caused defendant
egregious harm, such that defendant has not had a "fair and impartial trial." Hutch v. State, 922 S.W.2d 166, 170-71 (Tex.
Crim. App. 1996) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Egregious harm consists of
errors affecting the very basis of the case, depriving defendant of a valuable right, or vitally affecting a defensive theory. Id.
at 171. 

 We review whether egregious harm occurred by reviewing "the error in light of the entire jury charge, the state of the
evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant
information revealed by the record of the trial court as a whole." Skinner v. State, 956 S.W.2d 532, 544 (Tex. Crim. App.
1997). 

 Here, the jury charge informed the jury of the applicable law, defined the charged offense, and followed the indictment. 
With regard to the evidence, the victim, L.O., testified that her husband, the defendant, sexually assaulted her by
sodomizing her, which defendant denied. Also, defendant denied being at the apartment during the time of the alleged
sexual assault. However, L.O.'s friend, Mona Faz, testified she was with L.O. the night of the sexual assault and as she left
defendant's and L.O.'s apartment she witnessed defendant driving aggressively past her to the couple's apartment. 
Additionally, defendant's co-worker, Adrianna Rodriguez, testified defendant left work and was gone during the time of the
alleged sexual assault. 

 Shelley Botello, a program coordinator at Methodist Specialty and Transplant Hospital, testified that L.O.'s sexual assault
exam showed she had a bruised knee and trauma to her anal area. Botello testified that in her opinion someone forcibly
penetrated L.O.'s anus. 

 Defendant complains of numerous instances in the record where extraneous offenses and transactions were admitted
against defendant. However, the majority of the extraneous evidence was elicited by defense counsel's cross-examination of
L.O. The other extraneous evidence consists of the State's questioning L.O. about the extraneous acts defense counsel
previously referred to in his cross-examination. See Beasley v. State, 838 S.W.2d 695, 706-07 (Tex. App.--Dallas 1992, pet.
ref'd) (noting "[e]xtraneous unadjudicated offenses may be admissible if the accused opens the door to the admission of
such evidence"). 

 After a review of the record, we hold defendant was not egregiously harmed and had a fair and impartial trial. 

CONCLUSION

 We overrule defendant's issues on appeal and affirm the trial court's judgment.



 Sandee Bryan Marion, Justice

DO NOT PUBLISH